Filed 6/1/22  P. v. Macias CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BENJAMIN MACIAS,<br><br>Defendant and Appellant. | C089939<br><br>(Super. Ct. No. 13F06550) |

Based on the limited record before us, it appears that an October 2013 complaint charged defendant Benjamin Macias with possession of marijuana for sale, unlawful cultivation of marijuana, and being a felon in possession of a firearm.  He was arraigned on the complaint on October 10, 2013, and released on bail later that same month.

In December 2014, defendant pled not guilty, entered a general time waiver, and his case was set for a preliminary hearing in January 2015.  The matter was continued several times at defendant's request to July 16, 2015.  Defendant was taken into federal custody on June 10, 2015, and his preliminary hearing was vacated.

1

In March 2017, defendant, who remained in federal custody, moved to dismiss this case under Penal Code[1] section 859b.[2]  The People opposed, and the court denied defendant's motion.  Thereafter, defendant remained in federal custody awaiting trial on his federal charges.[3]

In February 2019, defendant was present in custody and the trial court set his preliminary hearing for March 4, 2019.  On March 2, 2019, defendant orally joined a *Franks*[4] motion that was originally filed for a codefendant under section 1538.5 to traverse the affidavit, quash the warrant, and suppress evidence.  The court denied the motion, and later denied defendant's *Marsden*[5] motion.

The preliminary hearing was held on March 8, 2019.  Prior to the hearing, the complaint was amended to include only the count for being a felon in possession of a firearm, and defendant was arraigned on the amended complaint and entered a not guilty plea.  Following the preliminary hearing, defendant was held to answer, the court deemed the amended complaint an information, and defendant entered a not guilty plea to the information.

On the first day of a jury trial on May 2, 2019, defendant moved to dismiss pursuant to section 1385 for violating his rights to a speedy trial.  The court denied the motion.  The jury was unable to reach a verdict and the court declared a mistrial.  After

---

[1]     Further undesignated section references are to this code.

[2]     Section 859b delineates time constraints within which the preliminary hearing must be conducted or the complaint dismissed and the defendant released.

[3]     Defendant did not file a section 1381.5 demand to be transferred within 90 days after being convicted in federal court for a trial on the pending state court charges.

[4]     *Franks v. Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667].

[5]     *People v. Marsden* (1970) 2 Cal.3d 118.

the prosecutor indicated the People intended to retry defendant, defense counsel requested that the court dismiss the case under section 1385. The court declined to exercise its discretion to dismiss under section 1385.

In July 2019, defendant pled no contest to the felon in possession offense. The prosecutor stated the following factual basis for defendant's plea: "On or about October 8th of 2013 in Sacramento County, this defendant did willfully and unlawfully possess and have custody and control of a firearm, which was a .40 caliber handgun, having previously been convicted of a felony, which was a violation of Penal Code section 245[, subdivision] (a)(1), on September 4th of 2002 in a Sacramento superior court."

The court sentenced defendant to time served and no probation. The court imposed a $300 restitution fine, a $30 criminal conviction assessment, and a $40 court operations assessment, and waived all remaining fees and fines. Defendant timely appealed.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having examined the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Hoch, J.

/s/
Renner, J.